**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| NAMAL MADUSANKA THANIPPULI ARACHCHIGE | CIVIL ACTION NO. 26-1926 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| WARDEN CENTRAL LOUISIANA ICE PROCESSING CENTER | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Petitioner Namal Madusanka Thanippuli Arachchige,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") proceeding pro se, petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2]  [doc. # 1].  For reasons that follow, the Court should deny the petition as premature.

## Background

Petitioner was taken into immigration custody on August 12, 2025.  [doc. # 1, p. 4].  On January 7, 2026, an immigration judge ordered Petitioner removed from the United States.  [doc. # 1-2].  Petitioner did not appeal the removal order.  *Id.*

Petitioner filed this proceeding on approximately May 27, 2026.  [doc. # 1, p. 8].  Channeling *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), he claims that he is subject to "continued immigration detention following a final order of removal without a reasonably

---

[1] Petitioner's 'A-Number' is 300-317-896.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

foreseeable removal date." *Id.* at 2, 6.  He states that he "has not been provided with a deportation date or confirmation of scheduled removal." *Id.* at 6.

### Law and Analysis

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, however, Petitioner's claim is premature because he has not been detained more than six months following the date his order of removal became final.  On January 7, 2026, an immigration judge ordered Petitioner removed from the United States.  Under 8 U.S.C. § 1101(47)(B), an order of removal "shall become final upon the earlier of--(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."[3] An alien ordered removed has thirty days to appeal that decision to the Board of Immigration Appeals. 8 C.F.R. § 1003.38(b).  Here, Petitioner did not file an appeal with the Board of Immigration Appeals.  Thus, his order of removal became final thirty days after he was ordered removed, or on February 6, 2026.

Petitioner filed this proceeding on approximately May 27, 2026, less than six months after his order of removal became final (six months after February 6, 2026, is August 6, 2026).

---

[3] *See also Riley v. Bondi*, 606 U.S. 259, 267 (2025).

*See Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by *Zadvydas*); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (finding that a continued detention claim was "premature" because the petitioner "had not yet been in custody longer than the presumptively reasonable six-month post removal order period"), *cert. denied*, 544 U.S. 1066 (2005).

The Court should deny this claim as premature.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Petitioner Namal Madusanka Thanippuli Arachchige's petition for release under *Zadvydas* be **DISMISSED WITHOUT PREJUDICE** to his right to re-file the claim should his confinement become unconstitutional.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See***

3

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of June, 2026.

 

_____

Kayla Dye McClusky
United States Magistrate Judge